**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH SAMUEL FASY,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | **NO. 13-3758** |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of the Social** | : | |
| **Security Administration,** | : | |
| **Defendant.** | : | |
| | : | |

## <u>ORDER</u>

Before the Court are Plaintiff's *pro se* objections to the Report and Recommendation (R & R) of United States Magistrate Judge Elizabeth Hey, which recommended that the Court affirm the Acting Commissioner of the Social Security Administration's decision denying Plaintiff's claim for benefits.

Plaintiff, a former chiropractor with a college education, filed for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act on October 15, 2010, alleging disability from a spinal injury as of September 2, 1992, with further exacerbations resulting from car accidents in 2003 and 2010. In order to qualify for disability insurance benefits, he must demonstrate that he became disabled prior to his date last insured, June 30, 1999. He identified the following impairments: neural and spinal stenosis, degenerative disc disease, bulging disc, spur formation, uncofacet arthropathy, degenerative disease in the right hip joint, and a cystic lesion at C7.

With the exception of a 1993 MRI of the lumbar spine, Plaintiff was unable to produce any diagnostic or treatment records for the period from 1992-2003, although he did produce a chiropractor's 1992 and 1993 disability statements, provided to a private insurance carrier by Dr. Karminski. A second chiropractor, Dr. Noar, treated Plaintiff beginning in 1997, but she did not

keep treatment records for Plaintiff until after his car accident in 2003. In 2011, more than 10 years after Plaintiff's date last insured, she opined that Plaintiff had functional impairments inconsistent with the ability to work, and further opined that he had been so impaired since 1992, without reference to any treatment records from that earlier date.

After the 2003 accident, Plaintiff also had an MRI and a neurological consultation with Dr. Gaul. Dr. Gaul opined that Plaintiff had suffered a spine injury which destabilized a "previously *asymptomatic* degenerative disease" and recommended treatment with stretching and conditioning exercises. R. at 293 (emphasis added). In 2011, after yet another accident, Plaintiff experienced worsening symptoms and began treating with another neurologist and an orthopedist, and had another MRI.

After a hearing at which Plaintiff, his sister, and a vocational expert testified, the ALJ denied Plaintiff's application for benefits. The ALJ found that Plaintiff suffered from the severe impairment of degenerative disc disease of the thoracolumbar spine, but that the condition did not meet or equal the criteria for one of the impairments listed in 20 CFR Part 404, Subpart P, App'x 1, as of the date last insured. Although the ALJ determined that Plaintiff could not perform his past relevant work as a chiropractor (which requires a medium level of physical exertion), the ALJ found that he was capable of performing the full range of light work prior to his date last insured. Accordingly, given his age, education, experience, and residual functional capacity, the ALJ found he was capable of performing jobs that existed in the national economy, and therefore he was not disabled.

Magistrate Judge Hey issued a thorough and well-reasoned R & R, recommending that the Commissioner's decision denying Plaintiff's claims for benefits be affirmed. The Court now considers Plaintiff's objections to the R & R.

Plaintiff first objects that the ALJ failed to elicit testimony from a medical expert, who could make learned inferences as to whether Plaintiff's back injuries were of disabling severity 1999, based upon later medical records.[1]  In support of these objections, Plaintiff cites *Walton v. Halter*, 243 F.3d 703 (3d Cir. 2001), in which the Third Circuit found an ALJ's opinion was not supported by substantial evidence where the ALJ disregarded the testimony from a medical expert inferring the likely onset date of claimant's bipolar disorder, but instead the drew his own lay inferences about the onset date. Plaintiff's case is distinguishable, however, because Plaintiff suffered a second back injury in 2003, and a third in 2010; Plaintiff was not suffering from a stable or progressive disease with an uncertain onset date; rather, he suffered from three acute traumas to his back, in 1992, 2003, and 2010, with almost no medical evidence for the period between the first and second injuries. Because Plaintiff did not present expert testimony, and it is unlikely that a medical doctor could make well-supported inferences about Plaintiff's condition in 1999, when nearly all of his medical records post-date the 2003 trauma, Plaintiff has failed to persuade the Court that the ALJ erred.

Plaintiff also argues that the ALJ failed to articulate his reasons for disregarding the professional opinions of Plaintiff's chiropractors with regard to the onset date, severity, or limiting effects of his condition. The Court disagrees, for the reasons set forth in the R & R. Social Security Ruling 83-20 states: "the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record." Similarly, in determining whether a medical condition met or equaled a listing prior to the date last insured, the ALJ must rely upon detailed medical findings, which are scant in this case. As the R & R notes, chiropractors are not considered acceptable medical sources by the Social Security Administration, but chiropractors can be "other

---

[1] The ALJ was not asked to determine whether Plaintiff is currently disabled, and made no finding that Plaintiff is presently disabled.

sources," and the ALJ can use evidence from them in determining the severity of an impairment and ability to work.   However, as the ALJ noted, in this case, the chiropractors' opinions as to Plaintiff's functional limitations prior to 1999 were unsupported by contemporaneous medical evidence, and therefore the ALJ did not fully credit them as "other sources" of evidence of disability. As the R & R notes, the ALJ accurately portrayed the dearth of medical evidence to support the asserted onset date, severity of symptoms, and functional limitations, and also noted that the opinions of Plaintiff's chiropractors about his limitations were "grossly out of proportion with the minimal abnormalities seen on imaging studies."

Finally, Plaintiff argues that the ALJ improperly discredited the testimony of Plaintiff and his sister regarding the severity of his symptoms and his functional limitations. Again, the Court agrees with the R &R's analysis of the ALJ's treatment of this evidence.

For the reasons set forth above and in the well-reasoned R & R, upon consideration of Plaintiff's Brief and Statement of Issues [Doc. No. 12], Defendant's Response [Doc. No. 15], Plaintiff's Reply [Doc. No. 19], and upon review of the Report and Recommendation of United States Magistrate Judge Elizabeth Hey [Doc. No. 20], and *de novo* review of the issues raised in Plaintiff's objections [Doc. No. 27], and after a careful and independent review of the complete administrative record, it is hereby **ORDERED** that:

1.      The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

2.      Plaintiff's Objections to the Report and Recommendation are **OVERRULED,** and the carefully reasoned Report and Recommendation is **APPROVED AND ADOPTED** in full;

3.       Consistent with the R & R, the Court finds that the administrative record contains substantial evidence to support the ALJ's findings of fact and conclusions of law, and thus the relief requested in Plaintiff's Brief in Support of Request for Review is **DENIED**, and the decision

of the Commissioner is **AFFIRMED**.

   **It is so ORDERED, this 30th day of April 2015,**

            **BY THE COURT:**


            **/s/ Cynthia M. Rufe**

            **CYNTHIA M. RUFE, J.**